PEARSON, Judge.
Frank Murray and Esther Murray were the defendants in an action brought by Hidden Lake Development Corporation wherein Hidden Lake sought recovery under a liquidated damages provision of a contract of sale. An order was entered granting the plaintiff’s motion for summary judgment, and after a subsequent hearing at which evidence was submitted as to the amount of a reasonable attorney’s fee, the trial court entered its final judgment. The final judgment provided for recovery *538 by the plaintiff of $3,000.00 in damages, but denied recovery under the reasonable attorney’s fee provision of the contract upon the ground “ . . . that Plaintiff failed to establish through the testimony of its witnesses its having obligated itself to pay its attorneys a reasonable fee”.
The appellant presents two points for our review. The first urges that the trial court erred in construing the sum specified in the contract as liquidated damages as opposed to a penalty. This cause previously was before this court upon a closely related issue. See State ex rel. Hidden Lake Development Corp. v. Vann, Fla.App.1972, 262 So.2d 741. It was there determined that this cause was properly an action for liquidated damages. Appellant’s claim that actual damages must be proved in order to establish that the liquidated damages are not a penalty is refuted by the holding in Hutchison v. Tompkins, Fla.1972, 259 So.2d 129.
Appellant’s remaining point urges error in the amount awarded as liquidated damages. The record before the court at the time of the entry of the summary judgment clearly supports the court’s interpretation as to the amount of liquidated damages. See Ehrlich v. Barbatsis Holding Co., Fla.1953, 63 So.2d 911.
The plaintiff-appellee has cross-assigned error upon that portion of the final judgment which denied it the reasonable attorney’s fee specified in the contract. The court denied the attorney’s fee upon the basis that there had been no proof that the plaintiff had agreed to pay a reasonable fee to an attorney. In fact, the plaintiff’s pleadings before the trial court contained an allegation that the contract provided for the payment of reasonable attorney’s fees by the defaulting party, and an allegation that the plaintiff had engaged the services of an attorney whose fee the plaintiff had promised to pay. The plaintiff’s allegation as to the contract to pay a reasonable attorney’s fee was admitted in the defendant’s answer. The plaintiff’s allegation as to the employment of an attorney was denied in the answer. Therefore, in connection with the question of an attorney’s fee, there was an issue only as to the employment of the attorney when the trial court entered its order granting summary judgment.
A further legal analysis of the appellee’s cross-assignment reveals the strength of its argument. Subsections (a) and (b), Rule 1.510, RCP, 31 F.S.A., provide for a summary judgment upon a “claim”. In subsection (c) there is a special provision for summary judgment upon “the issue of liability alone”. Subsection (d) of the rule provides for a summary judgment in a “Case Not Fully Adjudicated on Motion”, and requires the court to “make an order specifying the facts that appear without substantial controversy . . . ”. Undoubtedly, the order granting summary judgment was for a full judgment of the type specified in Rule 1.510(a), “For Claimant”, although it is clear that the court intended to take subsequent testimony regarding the exact sum to be awarded as an attorney’s fee. At the time of the taking of the evidence upon the attorney’s fee the only issue remaining was the amount. Therefore, it was error for the trial court to deny the attorney’s fee on the ground that the plaintiff failed to prove employment since that issue had already been determined at the time of the entry of the summary judgment.
The judgment appealed is affirmed in part and reversed in part, and the cause is remanded with directions to enter an amended judgment including a provision assessing a reasonable attorney’s fee for the plaintiff. The court is expressly authorized to take additional testimony if it shall find additional testimony necessary.
Affirmed in part, reversed in part, and remanded.